IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD LOFTIS | § | |
| | § | |
| V. | § | A-23-CV-1236-DII |
| | § | |
| BRYAN COLLIER | § | |

ORDER

Before the Court is Plaintiff Anthony Bernard Loftis's civil-rights complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

BACKGROUND

At the time he filed his complaint, Plaintiff was confined in the Leblanc Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff contends his parole was revoked without following mandatory requirements for the "Special Needs Offender Program" (SNOP). Pursuant to the program, Plaintiff claims he was entitled to legal representation at his parole revocation hearing. Plaintiff also argues his fifteen-year sentence expired on March 8, 2023.

Plaintiff sues Director of the Texas Department of Criminal Justice Bryan Collier. He seeks an injunction ordering the defendant to provide Plaintiff with the mandatory process dictated by the SNOP.

Plaintiff previously challenged the revocation of his parole in an application for habeas corpus relief. The United States District Court for the Northern District of Texas denied the

1

application on April 17, 2023.  *See Loftis v. Director*, No. 3:21-CV-2100-E-BK (N.D. Tex.).  The

Fifth Circuit Court of Appeals denied Plaintiff a certificate of appealability on August 11, 2023.  *See*

*Loftis v. Lumpkin*, No. 23-10457 (5th Cir.).

<u>DISCUSSION AND ANALYSIS</u>

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening 28

U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the

Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be

granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A

complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is premised "on an

indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than

formal pleadings drafted by lawyers"); Cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so

as to do justice.").  Even under the most liberal construction, however, Plaintiff's complaint is

frivolous.

Because a ruling in Plaintiff's favor "would necessarily imply the invalidity" of his

underlying conviction and subsequent parole revocation, his claims are not cognizable under § 1983.

*See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  "In *Heck*, the Supreme Court held that if a

plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or

sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (*per curiam*) (citing *Heck*, 512 U.S. at 486-87). The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings, *see McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995), as well as claims for declaratory and injunctive relief, *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff cannot satisfy the *Heck* favorable termination requirement. His claims are connected to the legality of his underlying conviction and parole revocation proceeding. His conviction and revocation of parole have not been reversed or invalidated. Thus, his complaint is clearly barred by *Heck*. As such, Plaintiff's claims lack any basis in law and are dismissed with prejudice as frivolous until such time as he satisfies the conditions set forth in *Heck*. *See Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538 (5th Cir. 2020) (*per curiam*) ("[P]laintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims 'until' those conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous).

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Plaintiff's claims are fatally infirm. Under these circumstances, the Court concludes that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

It is therefore **ORDERED** that Plaintiff's civil-rights complaint is **DISMISSED WITH PREJUDICE** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B).

It is further **ORDERED** that the Clerk of the Court shall forward a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on October 17, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE